**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:25-CR-202(1)-ADA** |
| | § | |
| **BRENT EDWARD WALKER** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Defendant Brent Edward Walker's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On March 13, 2025, Senior United States District Judge David C. Gauderrama sentenced BRENT EDWARD WALKER for one count of Conspiracy to Transport Aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(v)(I), 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(i), and one count of Transporting Aliens for Financial Gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii). Judge Gauderrama imposed a 10-month term of imprisonment and three years of supervised release for each count, each to run concurrently with the other, as well as a $200.00 special assessment. Walker began his term of supervised release on June 4, 2025.

On December 9, 2025, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision, alleging that Walker violated the terms of his supervision in the following ways:

**Violation Number 1:** Walker violated Mandatory Conditions number 2 and 3 in that he unlawfully possessed and used methamphetamine on August 1 and August 25, 2025.

**Violation Number 2:** Walker violated the Special Condition for Substance Abuse Treatment in that he failed to participate in treatment as directed. Additionally, he failed to submit to drug testing as directed.

**Violation Number 3:** Walker violated Standard Condition Number 3 in that he knowingly left the judicial district where he was authorized to reside without first getting permission from the probation officer.

**Violation Number 4:** Walker violated Standard Condition Number 4 in that he failed to truthfully answer questions the probation officer asked him.

**Violation Number 5:** Walker violated Standard Condition Number 2 in that he failed to report to the probation officer as instructed.

On January 13, 2026, the Court held a hearing on the petition. At the hearing, Walker pled **TRUE** to all violations. The petition contained a sufficient factual basis to support a plea of **TRUE**.

## II.  FINDINGS OF THE COURT

Based on Walker's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Walker violated the conditions of his supervision as alleged in the petition.

2. Walker was competent to make the decision to enter a plea of **TRUE**.

3. Walker had both a factual and rational understanding of the proceedings against him.

4. Walker did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Walker was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. Walker was sane and mentally competent to stand trial for these proceedings.

7. Walker was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Walker received a copy of the petition naming him, and he either read it or had it read to him.

9. Walker understood the petition and the charges alleged against him.

10. Walker had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Walker was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Walker understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Walker freely, intelligently, and voluntarily entered his plea of **TRUE**.

14. Walker understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Walker's plea of **TRUE**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Walker's supervised release be **REVOKED** and that he be sentenced to the following:

(1) a nine (9)-month term of imprisonment, including credit for any time already served

in federal custody since his arrest; and

(2) no period of supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 14th day of January, 2026.

DAN  MACLEMORE
UNITED STATES MAGISTRATE JUDGE